UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. CR 11-0162 (WHA) |
| v. | STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME UNDER |
| SAMSUNG SDI COMPANY, LTD., | THE SPEEDY TRIAL ACT |
| Defendant. | |

STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME
CR 11-0162 (WHA)                         1

STIPULATION

On April 19, 2011, counsel for defendant Samsung SDI Company, Ltd. ("SDI") and counsel for the Government appeared before Judge William H. Alsup for a change of plea and proposed expedited sentencing hearing. After colloquy with the Court, SDI declined to change its plea at that time. At the request of the parties, the Court set a hearing date of May 10, 2011 at 2 p.m. for a status hearing. Counsel for SDI and the Government hereby stipulate to an exclusion of time under the Speedy Trial Act, from April 19, 2011 to May 10, 2011 for the reasons set forth in the below order.

DATED: April 21, 2011

_____
GARY HALLING
JAMES McGINNIS
Attorney for Defendants SAMSUNG SDI
COMPANY, LTD.

DATED: April 21, 2011

_____
LIDIA MAHER
MAY LEE HEYE
TAI S. MILDER
Trial Attorneys
U.S. Department of Justice

ORDER

The Court hereby orders the exclusion of time under the Speedy Trial Act from April 19, 2011 to May 10, 2011 based on the following reasons: SDI and the Government have stipulated to an exclusion of time because the complexity of the case, the nature of the prosecution, the large volume of discovery, and the existence of novel questions of fact and law is such that it is "unreasonable to expect adequate preparation for pretrial proceedings" within the time limits established by the Speedy Trial Act. In addition, the failure to grant such a continuance would deny counsel for the defendant and the attorneys for the Government the reasonable time necessary for effective preparation. See 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and B(iv).

STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME
CR 11-0162 (WHA)                     2

The Court finds that the failure to grant the requested continuance would unreasonably deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Furthermore, the Court finds that the ends of justice would be served by excluding the proposed time period under the Speedy Trial Act. These ends outweigh the best interests of the public and the defendants in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).

For the reasons stated, the Court finds that the time period from April 19, 2011 to May 10, 2011 should be excluded from the calculation of time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

IT IS SO ORDERED

Dated: April 25, 2011.    By: _____
THE HONORABLE WILLIAM H. ALSUP
United States District Judge